1  Robert S. Besser SBN 46541
   LAW OFFICES OF ROBERT S. BESSER
2  100 Wilshire Blvd. Suite 700
   Santa Monica, California 90401
3  Tel:   (310) 394-6611
   Fax:   (310) 394-6613
4  rsbesser@aol.com

5  Christopher Chapin SBN 112608
   LAW OFFICES OF CHRISTOPHER CHAPIN
6  110 Forest Lane
   San Rafael, California 94903
7  Tel:   (415) 578-2364
   christopherchapin@aol.com
8
   Attorneys for Plaintiff
9  CARLTON RIDENHOUR pka CHUCK D.

10

11
                    IN THE UNITED STATES DISTRICT COURT
12
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
13
                             WESTERN DIVISION
14

15 | CARLTON RIDENHOUR, an individual,        | Case No.
16 |                                          | COMPLAINT FOR DECLARATORY
   |                     Plaintiff,           | RELIEF RE OWNERSHIP OF
17 | vs.                                      | COPYRIGHTS, FRAUD and
   |                                          | CONVERSION
18 | MICHAEL CLOSTER, an individual;
   | REACH GLOBAL, INC., a Delaware
19 | corporation; and DOES 1 through 10,      | DEMAND FOR JURY TRIAL
20 |                     Defendants.
   | _____/
21

22
          Plaintiff CARLTON RIDENHOUR ("RIDENHOUR"), for his complaint against
23
   MICHAEL CLOSTER ("CLOSTER"), REACH GLOBAL, INC. ("REACH GLOBAL")
24
   and DOES 1 through 10, hereby alleges:
25

26

27                                        -1-

28 _____
   COMPLAINT FOR DECLARATORY RELIEF, FRAUD AND CONVERSION

## INTRODUCTION

1. RIDENHOUR brings this action to obtain a judicial declaration from this court that will undo the fraudulent scheme by which CLOSTER and REACH GLOBAL used false registrations with the United States Copyright Office to fraudulently obtain ownership interests in valuable musical compositions (the "Stolen Compositions") written in whole or part by RIDENHOUR and award RIDENHOUR the damages he has suffered. The titles of the Stolen Compositions and their respective copyright registration numbers are set forth on Exhibit A hereto and incorporated herein by this reference.

## PARTIES

2. RIDENHOUR is a world renown performer, recording artist, musician, author and record producer professionally known as "Chuck D." RIDENHOUR is the founder, principal member and intellectual force behind the hip hop group known as Public Enemy, a member of the Rock & Roll Hall of Fame. RIDENHOUR wrote and or co-wrote most of the Public Enemy hit songs and has created an extensive and valuable catalog of musical compositions. RIDENHOUR is also a founding member of supergroup Prophets of Rage which he founded with members of Rage Against the Machine and Cypress Hill.

3. RIDENHOUR is an individual resident of the County of Ventura, State of California.

4. CLOSTER is an individual resident of the State of Virginia who regularly conducts business in this District.

5. REACH GLOBAL is a Delaware corporation which regularly conducts business in the State of California. REACH GLOBAL is wholly owned by REACH MUSIC PUBLISHING, INC., ("REACH MUSIC") which in turn is wholly owned by CLOSTER.  CLOSTER owns 100% of the shares of REACH MUSIC and holds all

officer positions in both REACH GLOBAL and REACH MUSIC, i.e., president, secretary, vice president and treasurer.

6. REACH MUSIC and CLOSTER maintain an office in Burbank, California from which they conduct business.

7. The true names and capacities of the Defendants sued as DOES 1 through 10, whether individual, corporate, associate or otherwise, are unknown to RIDENHOUR who therefore sues such Defendants by fictitious names. RIDENHOUR is informed and believes and thereupon alleges that each of the Defendants designated as a fictitiously named Defendant is in some manner responsible for the wrongful acts complained of herein. If and when RIDENHOUR ascertains the true names and capacities of DOES 1 through 10, RIDENHOUR will amend this Complaint to state their true names and capacities.

8. RIDENHOUR is informed and believes and thereupon alleges that at all relevant times each of the Defendants was the agent and employee of each other Defendant and acted within the course and scope of their respective agency and/or employment in the performance of the wrongful acts alleged herein.

## JURISDICTION AND VENUE

9. The subject matter jurisdiction of this Court is invoked pursuant to 28 USC 1331 because it involves ownership of copyright under 17 USC 101, et seq.

10. Subject matter jurisdiction is also invoked under 28 USC 2201 because it seeks declaratory relief with regard to the ownership of copyrights.

11. The state causes of action are included under the Court's pendant jurisdiction because they arise from the same facts and involve the same parties.

12. Venue is proper in this District because RIDENHOUR is a resident of this District and CLOSTER and REACH GLOBAL regularly conduct business here.

COMPLAINT FOR DECLARATORY RELIEF, FRAUD AND CONVERSION

## FACTS

13. In or about October of 2001, CLOSTER, knowing that RIDENHOUR had reacquired a partial interest in the musical compositions that he had written or co-written while under contract to Def Jam Recordings, Inc ("Def Jam"), proposed to RIDENHOUR that they form a music publishing company that would administer RIDENHOUR's interest in the musical compositions he had reacquired from Def Jam (the "Def Jam Compositions"). The music publishing company would also administer musical compositions for other artists that RIDENHOUR would introduce. At the time RIDENHOUR had no prior experience with music publishing or administration and trusted CLOSTER to do what he promised.

14. CLOSTER established Terrordome Music Publishing, LLC ("Terrordome), a New York limited liability company. Under the contracts CLOSTER created, Terrordome took ownership of the copyrights to the Def Jam Compositions and ultimately all musical compositions written in whole or in part by RIDENHOUR through December 31, 2012. Further, CLOSTER organized the membership interests in Terrordome so that upon formation REACH GLOBAL acquired a 34% interest in Terrordome and RIDENHOUR's company, Bring The Noize Music, Inc., ("BTNM") (formed for RIDENHOUR by CLOSTER) acquired only a 50% interest. This despite the fact that CLOSTER contributed $500 in capital and BTNM contributed $500 plus the Def Jam Compositions. In 2010, CLOSTER arranged for REACH GLOBAL and RIDENHOUR to purchase the membership interest of the third member (who had also contributed $500 of initial capital) so that since 2010, the memberships interests have been 42% REACH GLOBAL and 58% BTNM. REACH GLOBAL also receives 10% of the gross from publishing and licensing deals as the administrator of Terrordome.

15. RIDENHOUR did not discover that Terrordome had acquired ownership of the copyrights to his musical compositions, rather than functioning solely as an

-4-

COMPLAINT FOR DECLARATORY RELIEF, FRAUD AND CONVERSION

administrator, until February of 2019 when RIDENHOUR's current advisors were able to review the documents CLOSTER had used to create and organize Terrordome.

16. The Stolen Compositions were all written by RIDENHOUR after December 31, 2012. Accordingly, even under the documents and contracts created by CLOSTER (the validity of which RIDENHOUR does not concede) Terrordome, and therefore REACH GLOBAL, has no claim to and is not entitled to any interest in, the copyrights in the Stolen Compositions.

17. With full knowledge that he had no right to do so, after December 31, 2012, CLOSTER, without authority or permission from RIDENHOUR, registered the copyrights in the Stolen Compositions in the name of Terrordome with the United States Copyright Office, falsely claiming and certifying that Terrordome had acquired the right to do so by written agreement. The effect is that REACH GLOBAL, by virtue of its 42% interest in Terrordome, now reaps the illicit profits of which RIDENHOUR has been deprived. REACH GLOBAL is also able to profit from the administration of the Stolen Compositions for the entire term of the copyrights.

## FIRST CAUSE OF ACTION
(For Declaratory Relief Against All Defendants)

18. RIDENHOUR repeats and incorporates by reference the allegations contained in Paragraphs 1 through 17 above as though fully set forth.

19. There exists a justiciable controversy between the parties in that CLOSTER and REACH GLOBAL have asserted the right to ownership of 42% of the Stolen Compositions by virtue of REACH GLOBAL's 42% membership interest in Terrordome.

20. The interests of the parties are adverse because REACH GLOBAL and RIDENHOUR each assert a right to the Stolen Copyrights and RIDENHOUR asserts that he owns 100% of his interest in the Stolen Compositions.

COMPLAINT FOR DECLARATORY RELIEF, FRAUD AND CONVERSION

21. RIDENHOUR has a legally protectable interest in the Stolen Compositions because he one of the joint authors of each of them.

22. The dispute between the parties is ripe for judicial determination because the Stolen Compositions are now registered with the Copyright Office under false pretenses and such registration is and will continue to cause RIDENHOUR financial and other harm.

SECOND CAUSE OF ACTION<br>(For Fraud Against All Defendants)

23. RIDENHOUR repeats and incorporates by reference the allegations contained in Paragraphs 1 through 17 and 19 through 22 as though fully set forth.

24. REACH GLOBAL and CLOSTER falsely represented to RIDENHOUR that REACH GLOBAL and/or REACH MUSIC were administering the Stolen Compositions for the benefit of RIDENHOUR and concealed the material fact that CLOSTER had caused the Stolen Compositions to be registered with the copyright office in the name of Terrordome.

25. REACH GLOBAL and CLOSTER knew at the time they made the above-mentioned representations that they were false.

26. REACH GLOBAL and CLOSTER intended that RIDENHOUR would rely on their false representations to his detriment.

27. RIDENHOUR did reasonably rely on the false representations and believed that CLOSTER through REACH GLOBAL and/or REACH MUSIC would simply administer the Stolen Compositions. RIDENHOUR never suspected that CLOSTER would use Terrordome to acquire a 42% interest in the Stolen Compositions.

28. As a direct and proximate result of the false representations made by CLOSTER and REACH GLOBAL, RIDENHOUR has suffered financial harm in an amount to be proven at trial.

-6-

COMPLAINT FOR DECLARATORY RELIEF, FRAUD AND CONVERSION

29. The acts undertaken by CLOSTER and REACH GLOBAL were done with malicious intent toward RIDENHOUR and RIDENHOUR is therefore entitled to exemplary damages in an amount sufficient to deter similar future conduct.

### THIRD CAUSE OF ACTION
(For Conversion Against All Defendants)

30. RIDENHOUR repeats and incorporates by reference the allegations contained in Paragraphs 1 through 17, 19 through 22 and 24 through 29, as though fully set forth.

31. REACH GLOBAL and CLOSTER have unlawfully converted to themselves RIDENHOUR's interests in the Stolen Compositions.

32. As a direct and proximate result of the wrongful conversion, RIDENHOUR has suffered damages in an amount to be established, including lost revenue from the exploitation of his interests in the Stolen Compositions.

33. The acts undertaken by CLOSTER and REACH GLOBAL were done with malicious intent toward RIDENHOUR and RIDENHOUR is therefore entitled to exemplary damages in an amount sufficient to deter such further and/or future conduct.

WHEREFORE Plaintiff prays for relief as follows:

1. For a judicial declaration that RIDENHOUR has the sole right to the copyright in his interests in the 28 Stolen Compositions;

2. For an order that REACH GLOBAL, as the Managing Member of Terrordome, cancel the registrations of the 28 Stolen Compositions forthwith;

3. For an order directing REACH GLOBAL and CLOSTER to account for, and pay to, RIDENHOUR all sums earned from their wrongful registration and exploitation of the 28 Stolen Compoaitions;

4. For compensatory damages in an amount according to proof;

-7-

COMPLAINT FOR DECLARATORY RELIEF, FRAUD AND CONVERSION

5. For exemplary damages in an amount sufficient to deter similar future conduct; and

6. For costs of suit herein.

Dated: October 15, 2019
LAW OFFICES OF ROBERT S. BESSER

By: *s/ Robert S. Besser*
    ROBERT S. BESSER
Attorneys for Plaintiff
CARLTON RIDENHOUR

## DEMAND FOR JURY TRIAL

Plaintiff CARLTON RIDENHOUR hereby demands a jury trial on all issues herein triable by a jury.

Dated: October 15, 2019
LAW OFFICES OF ROBERT S. BESSER

By: *s/ Robert S. Besser*
    ROBERT S. BESSER

COMPLAINT FOR DECLARATORY RELIEF, FRAUD AND CONVERSION

EXHIBIT A

| | Song Title | Copyright Registration Number |
|---|---|---|
| 1. | Counteroffensive | PAu003907610 |
| 2. | Fired A Shot | PAu003907616 |
| 3. | Hail to the Chief | PAu003907611 |
| 4. | Hands Up | PAu003908517 |
| 5. | Legalize Me | PAu003907608 |
| 6. | Living on the 110 | PAu003907609 |
| 7. | Radical Eyes | PAu003907604 |
| 8. | Smashit | PAu003908515 |
| 9. | Strength in Numbers | PAu003907614 |
| 10. | Take Me Higher | PAu003907613 |
| 11. | Unfuck the World | PA0002106932 |
| 12. | Who Owns Who | PA003907618 |
| 13. | Black America Again | PA0002068907 |
| 14. | Prophets of Rage | PA0002058720 |
| 15. | Shut Em Down | PA0002048218 |
| 16. | Party's Over | PA0002058725 |
| 17. | Black America Again | PA0002077281 |
| 18. | Corplantationopoly | PA0002086802 |
| 19. | Earthizen | PA0002086762 |
| 20. | Give Peace a Damn | PA0002086871 |
| 21. | Honky Tonk Rules | PA0002087332 |
| 22. | Lost in Space Music | PA0002086878 |
| 23. | Man Plans God Laughs | PA0002087378 |

COMPLAINT FOR DECLARATORY RELIEF, FRAUD AND CONVERSION

EXHIBIT A
(Cont'd)

| | | |
|---|---|---|
| 24. | Me to We | PA0002086870 |
| 25. | No Sympathy From the Devil | PA0002086734 |
| 26. | Praise the Loud | PA0002086876 |
| 27. | Those Who Know Know Who | PA0002086873 |
| 28. | Brain | PA0001928733 |

-10-

COMPLAINT FOR DECLARATORY RELIEF, FRAUD AND CONVERSION